UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OAKLAND 40, LLC,

    Plaintiff,

                                                              Case No. 10-14456

v.

                                                         Hon. John Corbett O'Meara

CITY OF SOUTH LYON,

    Defendant.
_____/

**OPINION AND ORDER CLARIFYING MAY 3, 2011 ORDER AND DENYING
MOTIONS FOR RECONSIDERATION AND TO CORRECT ORDER**

Before the court are Defendant's motion for reconsideration and motion to correct the court's May 3, 2011 order, filed May 16, 2011. Defendant seeks reconsideration of the court's order granting Plaintiff's motion to remand and denying Defendant's motion to dismiss.

**BACKGROUND FACTS**

This dispute involves a parcel of vacant land in the City of South Lyon, Michigan, which was purchased by Plaintiff, Oakland 40, LLC, in 2000. At the time Plaintiff purchased the property, it was zoned "IRO," or industrial, research, and office. Plaintiff sought to have the property rezoned as residential, or to obtain a variance, several times. Most recently, Plaintiff filed a request with the city's Planning Commission for conditional rezoning on March 19, 2010. The Planning Commission recommended denial of the conditional rezoning; the City Council accepted the recommendation and denied the conditional rezoning on June 14, 2010.

On October 11, 2010, Plaintiff filed this suit in Oakland County Circuit Court. The complaint contains federal and state taking/inverse condemnation claims, federal and state due

process claims, and a state statutory claim based upon the Michigan Zoning Enabling Act. Defendant removed the case to this court on November 8, 2010. Plaintiff filed a motion to remand on December 8, 2010; Defendant filed a motion to dismiss on February 10, 2010. The court heard oral argument on April 28, 2011, and granted Plaintiff's motion to remand from the bench. The court entered an order granting the motion to remand and denying the motion to dismiss on May 3, 2011. As discussed below, reconsideration is not warranted. See LR 7.1(g)(3) (standard for motion for reconsideration).

## LAW AND ANALYSIS

The basis for both motions is the argument that Plaintiff's federal taking and due process claims are not ripe. Plaintiff contends that, because these claims are not ripe, and the court lacks jurisdiction, the court should remand the entire case to state court. Defendant argues, however, that the court should dismiss Plaintiff's unripe federal claims and remand only the state claims.

### I.   Removal

A defendant may remove an action to federal court if the action could have been filed there originally. See 28 U.S.C. § 1441. Defendant removed this action based upon federal question jurisdiction, because Plaintiff included federal constitutional claims in its complaint. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Generally, federal question jurisdiction is governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, it is undisputed that Plaintiff's complaint contains federal claims on its face. However, Plaintiff

argues that the court nonetheless lacks subject matter jurisdiction because the federal claims are not ripe.

## II.     Ripeness

Both parties agree that Plaintiff's federal takings and due process claims are not ripe under the test set forth in Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985).  Under Williamson County, takings claims are not ripe until (1) the municipality has reached a final decision regarding the application of the regulation to the property at issue; and (2) the owner has first sought redress of the alleged constitutional deprivation through available state remedies.  Id. at 193, 195.  "[T]he finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury. . . ."  Id. at 193.  With respect to the remedies requirement, the Supreme Court explained that the "Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. . . . if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."  Id. at 194-95.

It is undisputed that Plaintiff has not met the second prong of the Williamson County test, as Plaintiff has not pursued its state claims to completion.  Defendant argues that, as a result, Plaintiff's federal claims must be dismissed and the state claims must be remanded.  See Bigelow v. Michigan Dept. of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992) ("Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.").  Plaintiff,

on the other hand, seeks remand of all its claims.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Although it appears counterintuitive to remand *federal* claims to state court, Plaintiff is correct.  Under 28 U.S.C. § 1447(c), this court "shall" remand the case if the court lacks subject matter jurisdiction; and ripeness is a jurisdictional requirement.  See Bigelow, 970 F.2d at 157.  See, e.g., Smith v. Wisconsin Dept. of Agriculture, 23 F.3d 1134, 1142 (7th Cir. 2004) ("Because Lundeen's claim is not yet ripe, the district court lacked subject-matter jurisdiction and was required under § 1447(c) to remand the claim to the state court from which it was removed."); Coyne v. American Tobacco Co., 183 F.3d 488, 496 (6th Cir. 1999) (holding district court must remand case to state court where it determined that the plaintiff lacked standing).  The Seventh Circuit has explained:

> While some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not, it is clear that Article III's "case or controversy" limitations apply only to the federal courts. Perhaps, were the claim remanded to Wisconsin state court, it would there be dismissed on state ripeness or standing grounds. But again, § 1447(c) says that a case removed to federal court "shall be remanded" to the state court if it is discovered that the federal court lacks subject matter jurisdiction. Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved

Smith, 23 F.3d at 1142 (citations omitted).

Defendant argues that Michigan courts also apply the Williamson ripeness doctrine and that remand would be futile.  The plain language of § 1447 does not provide the court with discretion, however.  The Sixth Circuit has rejected a "futility" exception to § 1447's remand requirement.  See Coyne, 183 F.3d at 496 ("Defendants contend that remand to state court in this

case would be futile, as the state court, as a matter of state law, would dismiss the claims against Defendants for lack of standing. We reject Defendants' argument since the futility of a remand to state court does not provide an exception to the plain and unambiguous language of § 1447(c)."). See also Primate Protection League v. Tulane Educ. Fund, 500 U.S. 72, 89 (1991) (noting that § 1447 does not provide discretion to dismiss rather than remand). Therefore, the court must remand all of Plaintiff's claims to state court.[1]

Defendant takes issue with the court's denial of its motion to dismiss. However, the granting of Plaintiff's motion to remand precludes the relief that Defendant sought in this court. The court clarifies, however, that it denied Defendant's motion to dismiss because the appropriate remedy was remand, not dismissal. As should be clear by the above discussion, the court's disposition of this case is not intended to affect the state court's adjudication of the federal or state claims. See Smith, 23 F.3d at 1142 ("[State] doctrines of standing and ripeness are the business of the [state] courts, and it is not for us to venture how the case would there be resolved.").

---

[1] The court has declined to award Plaintiff the fees incurred in removal. See 28 U.S.C. § 1447(c). The court finds that Defendant's removal of this action was not objectively unreasonable. Plaintiff pleaded federal constitutional claims in its complaint and did not affirmatively state that the claims were not ripe. Under similar circumstances, the Eleventh Circuit found that the defendant's removal of the action was not objectively unreasonable. See Bauknight v. Monroe County, Florida, 446 F.3d 1327, 1331 (11th Cir. 2006). The court in Bauknight also noted that "several district courts outside of this circuit are divided on whether a defendant's right to removal of a federal claim is separate from the issue of ripeness." Id. (citing, *inter alia*, Seiler v. Charter Twp. of Northville, 53 F. Supp.2d 957 (E.D. Mich. 1999) ("The right to remove federal claims is separate and distinct from the question of whether those claims are ripe for adjudication.")).

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motions for reconsideration and to correct the May 3, 2011 order are DENIED.

s/John Corbett O'Meara  
United States District Judge

Date:  May 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 18, 2011, using the ECF system.

s/William Barkholz  
Case Manager
